# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-40696
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2024

Lyle W. Cayce
Clerk

WILLIAM CURTIS JONES,

*Plaintiff—Appellant*,

*versus*

STATE OF TEXAS; KENNETH B. FLORENCE, *Assistant District Attorney*; BRIAN JAGNEAUX, *State Investigator*; QUENTIN DEAN PRICE, *Assistant District Attorney*; WAYLN G. THOMPSON, *Assistant District Attorney*; MANHATTAN BEACH (CA) POLICE DEPARTMENT, *Arresting Officers*; JENNIFER ELAINE DOORNBOS,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CV-316

————————————————————

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

William Curtis Jones, who was convicted in Texas of misapplying fiduciary property, filed a 42 U.S.C. § 1983 complaint, primarily alleging that

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

the defendants violated his constitutional rights by committing prosecutorial misconduct in numerous respects, by engaging in malicious prosecution, and by conducting an illegal and unconstitutional search of his home. In his complaint, Jones requested monetary damages and a reversal of his conviction. Jones appeals the district court's dismissal of his complaint as frivolous, for failure to state a claim, or both pursuant to 28 U.S.C. § 1915(e) and the district court's denial of his Federal Rule of Civil Procedure 59(e) motion.

We liberally construe briefs from pro se litigants, but the litigant still must brief challenges to a district court judgment for this court to consider them. *Davis v. Lumpkin*, 35 F.4th 958, 962 n.1 (5th Cir. 2022); *see also Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Jones does not identify any error in the district court's dismissal of his complaint for failure to state a claim or as frivolous pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), or the district court's denial of his Rule 59(e) motion. By failing to identify any error in the district court's decisions, Jones has failed to brief any challenge to that judgment or order. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The district court's decisions are AFFIRMED. Jones's motion for leave to file a supplemental appellate brief is GRANTED.